```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     CENTRAL DISTRICT OF CALIFORNIA
10
11  FREDERICK DOUGLAS BENNETT, SR.,  )  NO. ED CV 16-132-CAS(E)
                                     )
12                Plaintiff,         )
                                     )
13       v.                          )  ORDER TO SHOW CAUSE PURSUANT
                                     )
14  CAREY DAVIS, et al.,             )  TO 28 U.S.C. SECTION 1915(g)
                                     )
15                                   )
                  Defendants.        )
16  _____)
17
18       Plaintiff, a detainee at the West Valley Detention Center, filed
19  this civil rights action on January 21, 2016, accompanied by a
20  "Request to Proceed Without Prepayment of Filing Fees With Declaration
21  in Support."  The Complaint names as Defendants: (1) the City of San
22  Bernardino, California and its Mayor, Carey Davis; (2) the County of
23  San Bernardino; (3) the San Bernardino Police Department: (4) the
24  County Departments of Sanitation, Parks and Recreation, Transportation
25  and Code Enforcement; and (5) San Bernardino Police Officers C. Walton
26  and Alverez.
27  ///
28  ///
```

 1      Plaintiff generally alleges that Defendants conspired to remove
 2 Plaintiff from a house in which Plaintiff was living, assertedly in
 3 violation of Plaintiff's alleged "Squatter's Rights," the Religious
 4 Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §
 5 2000cc-1 et seq. and the Constitution.  Plaintiff also alleges that
 6 Defendants and others purportedly compelled Plaintiff and others to
 7 move away from a public park, took and destroyed personal property
 8 allegedly belonging to Plaintiff and others, and threatened Plaintiff
 9 with arrest.  Plaintiff also claims he suffered personal injuries due
10 to the allegedly unkempt nature of the park.  Plaintiff seeks
11 compensatory damages, as well as nominal and punitive damages.
12
13      On January 25, 2016, the Court granted Plaintiff's request to
14 proceed without prepayment of filing fees, permitting Plaintiff to
15 file the action in forma pauperis ("IFP").
16
17      Under the Prison Litigation Reform Act, Pub L. No. 104-134, 110
18 Stat. 1321 (1996), a prisoner may not bring a civil action IFP if, on
19 three (3) or more previous occasions, the prisoner has brought an
20 action or appeal in a court of the United States that was dismissed on
21 the grounds that it was frivolous or malicious or failed to state a
22 claim upon which relief may be granted, unless the prisoner is under
23 imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  A
24 denial of IFP status can count as a prior dismissal or "strike" for
25 purposes of section 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153-54
26 (9th Cir. 2008).  A dismissal for a repeated violation of Rule 8 of
27 the Federal Rule of Civil Procedure also can count as a "strike."
28 Knapp v. Hogan, 738 F.3d 1106, 1110-11 (9th Cir. 2013), cert. denied,

2

135 S. Ct. 57 (2014).

Recent <u>sua sponte</u> review of the dockets of this Court and other Courts has revealed that Plaintiff previously has filed three or more actions which may qualify as "strikes" under section 1915(g):

1. <u>Bennett v. San Bernardino County, et al.</u>, United States District Court for the Central District of California case number CV 00-7358-UA-E. The Court denied IFP status on December 20, 2000, on the grounds, <u>inter alia</u>, that the Complaint violated Rule 8 of the Federal Rules of Civil Procedure and appeared to assert claims on behalf of other inmates which Plaintiff lacked standing to assert.

2. <u>Bennett v. Winett, et al.</u>, United States District Court for the Eastern District of California case number 01-617-GEB-PAN. After affording Plaintiff multiple opportunities to file a pleading conforming to the requirements of Rule 8 of the Federal Rules of Civil Procedure, on April 20, 2004, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action without prejudice "for plaintiff's contumacious failure to comply with the court's orders and the pleading requirements of Fed. R. Civ. P. 8." On July 14, 2004, the District Court issued an Order adopting the Findings and Recommendations and judgment was entered on that date.

3. <u>Bennett v. State of California, et al.</u>, United States District Court for the Central District of California case number 01-4240-IFP. The Court denied IFP status on May 18, 2001, on the grounds, <u>inter alia</u>, that: (1) the Complaint violated Rule 8 of the

3

1  Federal Rules of Civil Procedure; (2) the Eleventh Amendment barred
2  suit against the state, state agencies and state officials in their
3  individual capacities; (3) Plaintiff could not sue supervisors on a
4  theory of respondeat superior; (4) the Complaint appeared partially
5  duplicative of Plaintiff's prior cases; and (5) any claim challenging
6  Petitioner's convictions was barred by Heck v. Humphrey, 512 U.S. 477
7  (1994). The United States Court of Appeals for the Ninth Circuit
8  affirmed on May 29, 2002.

10      4.  Bennett v. County of San Bernardino, et al., United States
11 District Court for the Central District of California case number CV
12 02-1045-UA-E. The Court denied IFP status on February 19, 2002, on
13 the grounds, inter alia, that the Complaint violated Rule 8 of the
14 Federal Rules of Civil Procedure and appeared to assert claims on
15 behalf of other inmates which Plaintiff lacked standing to assert.
16 The Court observed that the proposed Complaint bore a marked
17 resemblance to the prior Complaint in Bennett v. State of California,
18 et al., United States District Court for the Central District of
19 California case number CV 01-4240-IFP, as to which the Court had
20 denied IFP status for failure to comply with Rule 8 and lack of
21 standing.

23      5.  Bennett v. State of California, et al., United States
24 District Court for the Central District of California case number 02-
25 1346-UA-E. The Court denied IFP status on March 1, 2002, on the
26 grounds, inter alia, that: (1) the Complaint violated Rule 8; (2) the
27 Eleventh Amendment barred suit against the state, state agencies and
28 state officials in their individual capacities; (3) Plaintiff could

4

not sue supervisors on a theory of respondeat superior; (4) the prosecutor, the judge and members of the California Board of Prison Terms were immune from suit; (5) the Complaint appeared partially duplicative of a pending case in the United States District Court for the Eastern District of California; and (6) any claim challenging Petitioner's convictions was barred by Heck v. Humphrey. On July 17, 2002, the United States Court of Appeals for the Ninth Circuit dismissed the appeal in this case for failure to prosecute.

6. Bennett v. County of San Bernardino, United States District Court for the Central District of California case number 02-7534-UA-E. The Court denied IFP status on October 3, 2002, on the grounds, inter alia, that the Complaint violated Rule 8 of the Federal Rules of Civil Procedure and appeared to assert claims on behalf of other inmates which Plaintiff lacked standing to assert. The Court also observed that the Complaint bore a marked resemblance to Plaintiff's two prior civil rights complaints in Bennett v. County of San Bernardino, et al., CV 02-1045 and Bennett v. State of California, et al., CV 01-4240. The Court stated that the present proposed complaint "demonstrat[ed] Plaintiff's continued and egregious disregard" of the Court's prior advisements in those two prior cases.

Plaintiff appealed. On January 17, 2003, the United States Court of Appeals for the Ninth Circuit issued an order stating that the District Court had certified that the appeal had not been taken in good faith, that the Ninth Circuit's review of the record had confirmed that Plaintiff was not entitled to proceed IFP on appeal,
///

and that Plaintiff's application to proceed IFP on appeal was denied.[1]

7. <u>Bennett v. State of California, et al.</u>, United States District Court for the Central District of California case number 02-7754-UA-E. The Court denied IFP status on October 23, 2002, on the grounds, <u>inter alia</u>, that the proposed complaint: (1) violated Rule 8 of the Federal Rules of Civil Procedure; (2) asserted improper claims against the State, state agencies and state officials in their official capacities; (3) asserted frivolous claims implicating the validity of a conviction and/or sentence; and (4) was duplicative of allegations in Plaintiff's prior cases. The Court advised Plaintiff that his continued disregard of orders issued in previous proceedings constitute a misuse of the federal IFP statute and was sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff appealed. On March 14, 2003, the United States Court of Appeals for the Ninth Circuit denied Plaintiff's motion to proceed IFP. On April 15, 2003, the Ninth Circuit dismissed the appeal for failure to prosecute after Plaintiff failed to pay the filing fees.

8. <u>Bennett v. Victorville Child Protective Services, et al.</u>, United States District Court for the Central District of California case number EDCV 11-602-UA-E. The Court denied IFP status on April 22, 2011, on the grounds, <u>inter alia</u>, that Plaintiff could not assert claims on behalf of another person, the Court lacked

---

[1] A determination that an appeal was not taken in good faith is the equivalent of a finding of frivolity. <u>Knapp v. Hogan</u>, 738 F.3d at 1110.

jurisdiction to invalidate a state court custody decree, and the Complaint failed to allege a cognizable municipal liability claim.

"Leave to proceed without prepayment of fees and costs is a privilege, not a right." Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted). "Courts have the discretion to revoke that privilege when it no longer serves its goals." Id. (citation omitted); see McKenzie v. Casillas, 585 Fed. App'x 369 (9th Cir. 2014), cert. denied, 135 S. Ct. 1552 (2015) (affirming revocation of prisoner plaintiff's IFP status where plaintiff had three prior strikes).

The Complaint in the present action does not allege any facts from which it plausibly might be inferred that Plaintiff was under imminent danger of serious physical injury at the time Plaintiff filed the Complaint.

Accordingly, within twenty-one (21) days of the date of this Order, Plaintiff shall show cause in writing, if any there be, why Plaintiff's IFP status should not be revoked and why the action should not be dismissed pursuant to 28 U.S.C. section 1915(g) unless Plaintiff presently pays the full filing fee. Failure timely to
///
///
///
///
///
///

respond to this Order to Show Cause may result in dismissal of the action.

    IT IS SO ORDERED.

        DATED: February 9, 2016.

                                                   /s/
                                      CHARLES F. EICK
                      UNITED STATES MAGISTRATE JUDGE